**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES, et al.,

        Plaintiffs,

  v.

EL CAMINO PAVING, INC.,

        Defendant.

_____/

No. C-10-0708 MMC

**ORDER RE: PROPOSED AMENDED JUDGMENT**

    Before the Court is the "First Amended Judgment Pursuant to Stipulation; [Proposed] Order and Judgment," filed by plaintiffs on October 12, 2015, on behalf of themselves, defendant El Camino Paving, Inc. ("El Camino"), and Marie Santellan Alva ("Alva"), whom the stipulating parties seek to add as a defendant to the above-titled action.[1] Having read and considered the parties' stipulation, the Court rules as follows.

    On February 19, 2010, plaintiffs filed their initial complaint and, on November 22, 2011, their First Amended Complaint ("FAC"), in which plaintiffs alleged (1) El Camino had failed to "make timely fringe benefit contributions" for the time periods of "December 2009; December 2010; January and February 2011; and July through September 2011" (see

---

    [1]The chambers copy of the proposed amended judgment was submitted in double-sided format.  For future reference, plaintiffs are directed to submit in single-sided format all chambers copies of documents.  See Civil L.R. 3-4 (setting forth requirements for "papers presented for filing"); Civil L.R. 3-4(c)(2) (providing "text must appear on one side only").

1   FAC at 3:26 - 4:3); (2) El Camino had failed to pay "interest and liquidated damages" for

2   the time period of "January 2006 through June 2011" (see FAC at 4:4-5); and (3) an "audit"

3   was necessary to determine if El Camino owed "additional amounts" (see FAC at 6:7-8).

4   On August 2, 2012, Magistrate Judge Elizabeth D. Laporte issued a Report and

5   Recommendation, in which she recommended that the Court grant a motion for default

6   judgment filed by plaintiffs, and which the Court adopted by order filed August 24, 2012.  In

7   said order, the Court resolved the claims for monetary relief set forth in the FAC, by

8   granting judgment in favor of plaintiffs and against El Camino in the amount of $174,069.03

9   (see Order, filed August 24, 2014, at 1:26 - 2:2), and resolved the claim for injunctive relief,

10  by ordering El Camino to submit to an audit for the time period "beginning January 1, 2009

11  to the present," i.e., to August 24, 2012 (see id. at 2:3-8).  Thereafter, on August 27, 2012,

12  the Clerk of Court entered judgment on the Court's order.

13        By the instant stipulation, the parties seek entry of an amended judgment that

14  awards in favor of plaintiffs and against El Camino and Alva the amount of $517,360.28, a

15  figure which, according to the parties, consists of "$281,851.00 in delinquent contributions

16  for the period of December 2009 through July 2015, plus liquidated damages, interest and

17  attorney's fees in the amount of $235,509.28."  (See Proposed First Amended Judgment at

18  ¶¶ 2-3.)[2]  The stated time period extends beyond the dates identified in the FAC and the

19  order granting plaintiffs' motion for default judgment, and, consequently, the parties

20  necessarily are seeking adjudication of claims not previously alleged by plaintiffs in the

21  above-titled action.

22        Although the parties have not expressly cited to a federal rule or other authority in

23  support of their stipulated request, the Court construes the parties' stipulation as a joint

24  request to (1) set aside, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure,

25  the judgment entered on August 27, 2012, and (2) rather than require plaintiffs to file an

26

27        [2]Additionally, the parties seek to include in the proposed amended judgment the
    terms of a "payment plan" (see id. at 1:11), as well as an order incorporating in the
28  amended judgment the terms of a settlement agreement the parties entered long after the
    judgment was entered (see id. 4:3-4).

amended or supplemental complaint to allege new claims, to enter a new judgment

resolving the claims previously adjudicated by the Court as well as the new claims, all

under the terms set forth in a settlement agreement between the parties.

A district court is "not obligated to vacate prior orders or a judgment pursuant to a

settlement." See Roberts v. Trimac Transportation Services (Western), Inc., 2014 WL

6068483, at *1 (N.D. Cal. June 30, 2014) (citing cases).  In this instance, however, it would

appear vacatur of the judgment entered August 27, 2012, is appropriate.  First, "each party

will benefit from vacatur." See id.  Specifically, the trust funds managed by plaintiffs will

receive additional funds to be used for the beneficiaries of the funds, and defendants are

"spared the uncertainty of continuing litigation." See id.  Further, "vacatur will ultimately

serve [to] conserv[e] judicial and public resources." See id. at *2.  Lastly, the parties do not

seek vacatur for the purpose of having a "trial court's findings . . . wiped from the books,"

see id. at *1 (internal quotation and citation omitted); rather, the parties, in their proposed

amended judgment, seek in essence to retain in the public record the Court's findings and

to add further findings thereto.

Nonetheless, the Court declines to approve the stipulated request at this time.  In

particular, the parties request the Court incorporate in the proposed amended judgment

"[t]he terms and conditions of [their] Settlement Agreement (see Proposed First Amended

Judgment at 4:3-4; see also id. at 1:12-16, 3:14-23, 3:27 - 4:2, 5:7-8 (referencing

settlement agreement)), but have not filed a copy thereof.

Accordingly, the parties are hereby DIRECTED to file, no later than November 23,

2015, a copy of their settlement agreement or, in the alternative, to file by said date a

revised proposed amended judgment that does not incorporate by reference any terms of

that agreement.

**IT IS SO ORDERED.**

Dated:  November 2, 2015

_____
MAXINE M. CHESNEY
United States District Judge

3